UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES L. EKSTAM and FUEL PREPORATOR INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> C. BRAD EKSTAM, DIESEL PERFORMANCE PRODUCTS, INC., and C. BRAD EKSTAM d/b/a DIESEL PERFORMANCE PRODUCTS CO., <br><br> Defendants. | Case No. 4:04CV00187 AGF |

## ORDER GRANTING MOTION TO ADD PARTY

This matter is before the Court on the motion of Plaintiffs Charles Ekstam ("Ekstam") and his exclusive licensee, Fuel Preporator International, Inc. ("FPI") to add Ekstam Worldwide, Inc. ("Worldwide") as an additional plaintiff. (Doc. #96). Plaintiffs assert that the assets of FPI, including rights as exclusive licensee for the '860 Patent, were transferred to Worldwide in 2004, a new entity formed with the same ownership as FPI. Plaintiffs further assert that they had not previously named Worldwide as a plaintiff, having mistakenly believed that FPI had merely changed its name to Worldwide in 2004. Defendants oppose this motion, asserting that a confusing array of licensing agreements are present here, leaving Defendants unable to determine the identity of the proper parties. Defendants further request that the Court permit further interrogatories by Defendants and an evidentiary hearing to determine who the proper plaintiffs are.

Rule 20 of the Federal Rules of Civil Procedure liberally allows joinder as plaintiffs of all persons or entities who assert any right arising out of the same "series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Such parties may be added at any stage of the litigation, "on such terms as are just." Rule 21, F.R.Civ.P.; see also 7 Wright, Miller & Kane, Federal Practice & Procedure, 3d, § 1681 (2006) ("By providing for the dropping and adding of parties on terms that are just, Rule 21 furthers the policy of the federal rules to continue and determine an action on its merits whenever that can be done without prejudice to the parties.").

The Court finds that joinder of Worldwide as a plaintiff is proper here. Defendants do not contest that an exclusive licensee has standing to file suit for patent infringement, but rather question Plaintiffs' factual assertions in light of the fact that FPI filed an annual report after the August 6, 2004 contract. That FPI may have continued its corporate existence for some period of time following the contract does not, however, somehow negate that FPI transferred its assets and operations to Worldwide. And Defendants' confusion as to exactly what licenses were issued and terminated at which times does not justify refusing joinder of an entity who appears to have a valid interest in the litigation. Finally, Defendants fail to offer any persuasive evidence of prejudice were Worldwide to be added as a party plaintiff, and any prejudice may be ameliorated at this stage by permitting Defendants limited additional discovery. See Whitaker v. Garcetti, 291 F. Supp. 2d 1132, 1156 (C.D. Cal. 2003) (belated joinder of two plaintiffs permitted

where rectifying initial non-joinder would be just and would not prejudice defendants).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to add Ekstam Worldwide, Inc. as an additional party (Doc. #96) is **GRANTED**. Plaintiffs shall have seven days to file an appropriate amended pleading.

**IT IS FURTHER ORDERED** that Defendants shall be permitted to serve three additional interrogatories on Plaintiffs related to the transfer assets and/or the interest of Ekstam Worldwide, Inc. in the litigation.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 2nd day of November, 2006.