UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES L. EKSTAM and FUEL PREPORATOR INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:04CV00187 AGF |
| C. BRAD EKSTAM, DIESEL PERFORMANCE PRODUCTS, INC., and C. BRAD EKSTAM d/b/a DIESEL PERFORMANCE PRODUCTS CO., | ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER ON MOTION TO QUASH FILED BY PUREFLOW TECHNOLOGIES, INC.

This matter is before the Court on the Motion to Quash and Objections to Subpoena filed by a non-party to this litigation, PureFlow Technologies, Inc. ("PureFlow"), which has a license agreement with Plaintiff Charles Ekstam. [Doc. #87]. Defendants served a subpoena on Pureflow on July 31, 2006, requesting the production of documents in thirty-one numbered paragraphs.

PureFlow responded to Defendants, raising both general and specific objections, including objections based on relevance, and asserted that compliance would require the disclosure of confidential information. To the extent it has responsive documents, PureFlow also requested reimbursement for its time and expense in responding to the subpoena. Defendants and PureFlow were unable to reach agreement regarding

compliance with the subpoena, and PureFlow filed the instant motion to quash.

In its response, PureFlow has asserted that it has no documents responsive to requests 2-7, 10-13, 17-21, 23, 26, and 28-29.  As such, the Court will not further address these requests, and will confine this Order to those paragraphs as to which PureFlow may have responsive documents.

Documents related to Other Patents

The main objection to the scope of the subpoena raised by PureFlow is that the subpoena requests documents related to "Other Patents," which is defined to include U.S. Patent No. 5,746,184, No. 5,529,314, and No. 6,729,310.  These three patents were issued to Charles Ekstam following the '860 patent at issue in this litigation and are the subject of the license agreement between PureFlow and Plaintiffs.  PureFlow objects to the extent Defendants request documents related to the Other Patents, as they are not at issue in the current litigation and contain confidential information.

In response, Defendants assert that under the exclusivity provisions of PureFlow's license agreement, Charles Ekstam's royalties from his patents can only be through PureFlow's license, and as such, Defendants "anticipate that Charles Ekstam will make the argument that the alleged infringement of the 860 Patent by Defendants decrease the sales of PureFlow's product and, thereby, decreases his royalty income."  Defendants further assert that Dora Serrano, who is both the President of Plaintiff Fuel Preporator International ("FPI") and Plaintiff Charles Eksam's wife, is also a director of PureFlow.

Discovery in this litigation has been ongoing for some time, thereby affording

2

Defendants ample opportunity to develop evidence to support their theory of relevance. As PureFlow correctly notes, however, Defendants have offered no support for their contentions either that Plaintiffs are asserting damages as a result of decreased sales from the products covered by the Other Patents, or that PureFlow is asserting any claim of infringement that is relevant to the litigation herein. That Dora Serrano has a position with both FPI and PureFlow does little to establish such relevance.

On this record, Defendants have failed sufficiently to demonstrate the relevance of documents pertaining to Other Patents, especially where, as here, PureFlow is not a party to the litigation and is in direct competition with Defendants. As such, PureFlow will not be required to produce documents related to "Other Patents," whether the request directly seeks such documents, or indirectly requests such documents, as through a definition of "the Fuel Preporator" that incorporates a reference to the "Other Patents." To the extent that paragraph 31 (which seeks documents and things transferred to Ekstam Fuel Preporator, Inc. pursuant to the license agreement) pertains to the "Other Patents," again, PureFlow shall not be required to produce such documents.

Confidentiality/Trade Secrets

It is unclear whether, as limited above, PureFlow continues to have objections on the ground that the documents requested would require disclosure of trade secrets or confidential information. To the extent PureFlow continues to have such objections, counsel for PureFlow and Defendant shall confer and attempt to reach an agreement, within ten calendar days of the date of this Order, with regard to the terms of a protective

3

order, similar to that adopted by the Court in this litigation. The parties shall promptly advise the Court in the event they are unable, in good faith, to reach such an agreement.

Costs

To the extent PureFlow seeks its attorneys' fees in complying with the subpoena, its request is denied. To the extent PureFlow continues to seek its copying costs in making production, PureFlow shall promptly provide Defendants with a good faith written estimate of the quantity of documents at issue and the costs to copy same. The parties shall thereafter confer and attempt to reach an agreement, in good faith, with respect to the copying costs and manner of production. To the extent the parties are unable to reach an agreement with regard to the copying costs and manner of production, the parties shall promptly present the dispute to the Court, with each party clearly setting forth its position and attaching any correspondence related thereto.

Accordingly,

**IT IS HEREBY ORDERED**, that the Motion to Quash of PureFlow Technologies, Inc. [Doc. #87] is hereby **GRANTED in part** and **DENIED in part**. Production consistent with the terms of this Order shall be made within twenty (20) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this

Memorandum and Order on Steven Harrell, counsel for PureFlow Technologies, Inc., at steven@stronglaw.com.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 17th day of November, 2006.