UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES L. EKSTAM, FUEL PREPORATOR INTERNATIONAL, INC., and EKSTAM WORLDWIDE, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:04CV00187 AGF |
| C. BRAD EKSTAM, DIESEL PERFORMANCE PRODUCTS, and C. BRAD EKSTAM d/b/a DIESEL PERFORMANCE PRODUCTS CO., | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion for attorney's fees and costs filed by prevailing Defendants in this patent-infringement action. Defendants request attorney's fees in the amount of approximately $400,000, under 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927; and costs in the amount of $70,550.19. Plaintiffs argue that the large majority of costs sought by Defendants are not recoverable. For the reasons set forth below, Defendants' request for attorney's fees shall be denied, and Defendants' request for costs shall be granted in the amount of $2,618.26.

## BACKGROUND

This case arises out of a patent dispute between two companies, one owned by Plaintiff Charles Ekstam, and the other by his son, Defendant C. Brad Ekstam. Charles Ekstam invented a multi-stage filter system for removing particulates, water, and air from

fuel before delivering it to the cylinder of an internal combustion engine (the '860 patent). Brad Ekstam worked with his father for some years in one or more companies dedicated to the development and marketing of the fuel delivery system of the '860 patent. Thereafter, he left his father's companies and developed the FASS 150, which also achieves the result of removing substances from fuel prior to its delivery to an engine. Charles Ekstam and his company filed this action for patent infringement on February 17, 2004. The Chase Law Firm, L.C., and Lathrop and Gage represented Defendants throughout the case. After a Markman hearing and Order, an amended Markman Order, Daubert motions, and numerous other motions, the parties filed cross motions for summary judgment. On August 31, 2007, the Court entered summary judgment in favor of Defendants, finding no patent infringement.

## DISCUSSION

**Attorney's Fees**

Title 35 U.S.C. § 285 provides that in a patent-infringement case, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Awarding of attorney fees pursuant to this provision "is an issue unique to patent law and therefore subject to Federal Circuit law." Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001). "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the [Patent Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; [or] a frivolous suit . . . ." Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002) (citing Hoffmann-La Roche Inc. v. Invamed, Inc., 213 F.3d 1359, 1365 (Fed. Cir.

2000)); see also Cambridge Prods., Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1050-51 (Fed. Cir. 1992) ("In the case of awards to prevailing accused infringers . . . , 'exceptional cases are normally those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent.'"). The burden of proof remains with the movant for attorney's fees "to show by clear and convincing evidence that the case is exceptional." Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1368 (Fed. Cir. 2007).

Upon review of the record, the Court concludes that this case is not "exceptional" for the purposes of awarding attorney's fees to Defendants. The Court finds that Plaintiffs' arguments in litigation, while ultimately unsuccessful, were not frivolous or asserted for an improper purpose, and that Plaintiffs did not litigate in bad faith. Plaintiffs' arguments relating to claim construction were not meritless, and resolution of those issues in Defendants' favor was not a foregone conclusion. Nor does the Court find that Plaintiffs' actions were "dilatory," as asserted by Defendants. To the contrary, Plaintiffs' counsel performed in a timely and professional manner.

The Court further concludes that an award of attorney's fees to Defendants is not warranted as a sanction against Plaintiffs under the Court's inherent power to impose sanctions for bad faith on the part of a litigant; under Federal Rule of Civil Procedure 11, providing for sanctions for failure to conduct a reasonable inquiry into the legal and factual bases of claims; or under 28 U.S.C. § 1927, providing for counsel's liability for attorney's fees when counsel vexatiously "multiplies the proceedings." Defendants assert that this Court had previously observed that the case was "driven by interfamily strife and not by the merits of Plaintiffs' position," but the Court specifically rejects this contention.

While the Court at times observed that it was unfortunate to have father and son engaged in such litigation, and suggested the relationship might provide additional incentive to settle the dispute, the Court never suggested either party's position lacked merit, and does not now so find. Accordingly, Defendants' request for attorney's fees shall be denied.

**Costs**

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Title 28 U.S.C. § 1920 enumerates items that a federal court may tax as costs under Rule 54(d), as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**A. Costs Expressly within the Scope of § 1920**

Here, Defendants ask the Court for the following costs listed in § 1920:

| | |
|---|---:|
| Fees for service of summons and subpoena: | $   200.00 |
| Fees of the court reporter: | 6,771.02 |
| Attendance Fee for an expert witness: | 1,650.00 |
| Fees for exemplification and copies | 5,726.52 |
| **Total** | **$14,347.54** |

4

## B. Other Costs

In addition, Defendants seek "other costs" in the amount of $56,202.65, itemized as follows:

Costs from Chase Law Firm:

| | |
|---|---:|
| Airline tickets | $2,223.31 |
| Federal Express | 1,267.34 |
| Hotel | 1,448.31 |
| Lexis research | 3,809.10 |
| Long distance telephone calls | 324.87 |
| Facsimile | 250.00 |
| Meals | 510.12 |
| Taxi expenses | 228.10 |
| Airport parking | 170.63 |
| Postage | 22.49 |
| Image scanning and imaging CD burn | 698.16 |
| Associate's charge for obtaining copy of recorded assignment and title printout | 107.50 |
| Three-ring bingers and dividers (for Judge) | 173.39 |
| **Total from Chase Law Firm:** | **$11,233.32** |

Costs from Lathrop & Gage Law Firm:

| | |
|---|---:|
| Long distance telephone calls | $147.93 |
| Facsimile | 100.00 |
| Postage | 64.14 |
| Delivery Service Charges | 534.42 |
| Online research charges | 1,660.65 |
| **Total from Lathrop & Gage Law Firm** | **$2,507.14** |

Other Costs to Brad Ekstam

| | |
|---|---:|
| "Greenburg Grand et al" | $100.00 |
| Erickson & Kleypas | 2,436.08 |
| Thomas Wanke | 2,000.00 |
| Rubin Brown | 34,708.79 |
| Paule, Camazine & Blumenthal | 2,951.32 |
| Kramer & Frank | 266.00 |
| **Total costs to Brad Ekstam** | **$42,462.19** |

The total bill of costs submitted by Defendants is, thus, in the amount of $70,550.19.

The Court first concludes that Defendants are entitled to costs as the prevailing parties. However, because the Court concludes that this is not an exceptional case under 35 U.S.C. § 285, Defendants' recoverable costs are limited to those items listed in § 1920. As such, all costs other than those listed in Section A above shall be disallowed.

Plaintiff also objects to certain § 1920 costs claimed by Defendants for lack of proper documentation. The Court will proceed to review these objections, mindful that a bill of costs submitted by a prevailing party should always be given careful scrutiny by the court, <u>Alexander v. Nat'l Farmers Org.</u>, 696 F.2d 1210, 1212 (8th Cir. 1982), and that the burden rests with the prevailing party "to establish the amount of compensable costs and expenses to which [it is] entitled." <u>English v. Colorado Dep't of Corrs.</u>, 248 F.3d 1002, 1013 (10th Cir. 2001).

<u>Fees for Service of Summons and Subpoena</u>

Under § 1920 the cost of service is only taxable if service was by a U.S. Marshal. Defendants have not shown that they incurred any costs that qualify for reimbursement under this item listed in § 1920. <u>See</u> <u>Crues v. KFC Corp.</u>, 768 F.2d 230, 234 (8th Cir. 1985).

<u>Attendance Fee of an Expert Witness</u>

Defendants request $1,650 for a one-day attendance fee of an expert witness. As Plaintiffs argue, the amount of witness fees that may be charged under § 1920 is governed by 28 U.S.C. § 1821, which states in relevant part that "a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the

United States, shall be paid . . . . an attendance fee of $40 per day for each day's attendance," plus transportation costs. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). The record shows a St. Louis, Missouri address for the witness in question. Accordingly, Defendants are limited to recovering $40 for this item of costs.

Court Reporter Fees

Defendants have requested $6,771.02 identified as transcript costs. In support, Defendants have identified costs of $2,225.87 related to five depositions, namely those of Flanigan, Erickson, Kleypas, Wanke, and Hoffman. As the transcripts of these depositions were attached or referenced in motions filed with the Court, the Court will allow these costs, concluding that Defendants have sufficiently shown that these items were necessarily obtained for use in the case. With regard to the remaining $4,545.15, the Court finds that Defendants have failed to provide sufficient information for recovery of this amount. The Lathrop and Gage spreadsheet merely lists an amount of $4,359.00,[1] without further detail. The billing statements attached do not total the amount requested, and in any event, simply identify the court reporter, without specifying the deposition taken.

---

[1] The amounts shown on the spreadsheet for transcript and court reporter fees do not total the $6,771.02 on the Bill of Costs ($2,225.97 + $4,539.00 = $6,484.97). The $186.15 difference is perhaps attributable to the fact that there are two bills in this amount for the Kleypas and Erickson depositions.

Photocopy costs

Defendants' request for $5,726.52 for photocopies includes nontaxable costs. As noted above, § 1920 allows for the recovery of copies "necessarily obtained for use in the case," as opposed to copies obtained for convenience. Upon review of Defendants' list of fees for photocopies, the Court concludes that only the last three items, relating to copies of materials requested by the Court, and totaling $352.39, have been shown by Defendants to qualify as recoverable under § 1920. See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006) (affirming district court's holding that copies are "necessarily obtained" only if they were "received as evidence, prepared for use in presenting evidence, or obtained for service on the other parties in the litigation and the court"); Moore v. DaimlerChrysler Corp., 2007 WL 1445591, at *1 (E. D. Mo. May 11, 2007) (disallowing costs for photocopying of documents produced in discovery and for Bates labeling); Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1133 (holding that § 1920 does not allow for recovery of the photocopy expenses incurred in copying a party's "own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does the cost statute cover a party's copying of documents to be produced in discovery").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for attorney's fees is **DENIED**. [Doc. #257]

**IT IS FURTHER ORDERED** that Defendants' motion for costs is **GRANTED** in part and **DENIED** in part. The motion is granted in the amount of $2,618.26 ($40.00 +$2,225.87 + $352.39). [Doc. #261]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of December, 2007.